ANNA H. GOLDWIESER, Plaintiff, *v.* ALEXANDER A. GOLDWIESER, Defendant.

Supreme Court, New York County, December 13, 1927.

**Husband and wife — separation — defendant was arrested on ground he was about to leave jurisdiction and was released on bond — defendant was rearrested for failure to pay temporary alimony — defendant was discharged on promise to pay which he has done — bond should be canceled.**

The defendant was arrested in this separation action on the ground that he was about to leave the State and was released on bond. He was rearrested for failure to pay temporary alimony but on the trial he was released on his promise to pay the alimony. This motion is to cancel the bond. It was not the intention of the court in discharging defendant that the bond be retained as continuing security for the payment of permanent alimony and the bond is, therefore, canceled.

MOTION by defendant for an order canceling a bond given by defendant on an order of arrest in a matrimonial action.

*Anna Oberwager*, for the plaintiff.

*Harry Weinberger*, for the defendant.

DELEHANTY, J. This is a motion for an order canceling a bond given by defendant on an order of arrest in a matrimonial action. In March, 1926, the plaintiff sued her husband for a separation. She obtained an order of arrest on the ground that the defendant was about to leave the jurisdiction. The sheriff took him into custody in October, 1926, and he was released upon furnishing a surety bond in the sum of $1,500. The bond provides that the defendant will obey " the direction of the court, or of an appellate court, contained in an order or a judgment requiring him to perform the acts specified in the order, or in default of his so doing that at all times he will render himself amenable to proceedings to punish him for the omission." He did not pay the temporary alimony and counsel fee, and his wife had him rearrested and committed to Ludlow Street Jail. At the time of the trial he did not put in any defense, and he agreed to pay her seventy-five dollars a week for the support of herself and their child, who is now about eleven or twelve years old. Judge ERLANGER ordered him discharged from custody, and made a notation on March 8, 1927, to that effect on the commitment papers which are in possession of the sheriff.

The defendant contends that the bond was canceled at the time he was taken into custody for non-payment of the temporary alimony and counsel fee. The plaintiff contends that this is a continuing

bond, and that the defendant put up the bond as security that he would obey any judgment of this court. The findings of fact and conclusions of law signed by Judge ERLANGER on April 1, 1927, in paragraph 8 thereof, recite: " That the defendant has been released from the custody of the sheriff of the county of New York, where he has been held in contempt for failure to pay the arrears to the plaintiff herein upon the distinct understanding and agreement on his part and on the part of his attorney that upon his default in complying with the judgment entered herein in respect to said arrears that he may be rearrested on an *ex parte* order for his contempt for failure to make the payments of said arrears as required to be made by h·m in said judgment."

It is clear that Judge ERLANGER discharged him from custody on his promise to pay up, and that it was not contemplated that he should put up a bond as security for the payment of the permanent alimony. The defendant has lived up to his promise, and he has been paying the seventy-five dollars a week since March, 1927. I see no occasion to put him to the additional expense of thirty dollars a year for this bond.